**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
JAMALUD-DIN ALMAHDI           :
                              :
        Plaintiff             :      Civil No. 05-1613 (JWB)
                              :
     v.                       :
                              :      O P I N I O N
CHRISTIE RODRIGUEZ,           :
et al.                        :
                              :
        Defendants            :
                              :
_____:
```

JAMALUD-DIN ALMAHDI, #15322-086, Plaintiff Pro Se
FCI Allenwood
P.O. Box 2000
White Deer, Pennsylvania 17887

**BISSELL, CHIEF JUDGE**

Plaintiff Jamalud-Din Almahdi ("Almahdi"), a prisoner who is confined at the federal Correctional Institution at Allenwood, Pennsylvania ("FCI Allenwood"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). This Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the Warden of FCI

Allenwood to forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. §1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint to identify cognizable claims. The Court will dismiss the Complaint against all Defendants.

## I. BACKGROUND

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971),[1] seeking damages for alleged violations of his rights secured by the Constitution and laws of the United States. The Defendants are Christie Rodriguez; Special Agent Christopher Knisely; Norville P. McAndrew, an Assistant United States Attorney; and Stacy Ann Biancamano, a Federal Public Defender. (Compl., Caption and ¶¶ 2-6.)

---

[1] Bivens allows a plaintiff to sue a federal defendant who acted under federal law to deprive plaintiff of a constitutional right. Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights. The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into Bivens suits. Egervary v. Rooney, 80 F.Supp.2d 491 (E.D.Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

Plaintiff asserts the following facts: On September 28, 1999, Bergen County detectives seized a number of counterfeit credit cards and licenses. (Compl., ¶ 7.) The United States Secret Service thereafter took possession of this material. (Id., ¶ 8.) Plaintiff subsequently was indicted and pled guilty on April 3, 2003, and was sentenced to 41 months in prison. (Id., ¶ 9.) Defendant Rodriguez had been arrested on March 29, 2000, in New York, for possession of counterfeit credit cards and identification. (Id., ¶ 10.) Upon later questioning, Rodriguez identified Plaintiff as the "mastermind" of a large credit card ring. (Id., ¶¶ 11-12.) Defendant Knisely, "willfully blind to the truth," presented this information to the Court through the Probation Department. (Id., ¶ 13.) Defendant McAndrew read and signed documents presenting the aforesaid information. (Id., ¶ 14.) Despite Plaintiff's allegation that Knisely had possession of the seized credit cards, representation was made to the Court that Rodriguez had used them for fraudulent purposes from January to March of 2000, and that Plaintiff was acting as mastermind of the credit ring. (Id., ¶ 16.) Plaintiff brought this discrepancy to the attention of Defendants Biancamano and McAndrew, who apparently did nothing to correct the facts asserted to the court.

**II. DISCUSSION**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee. 28 U.S.C. § 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept

4

as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no

relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Claims brought under Bivens are typically analyzed under the same methodology as claims brought under 42 U.S.C. § 1983, as a Bivens action is the nonstatutory counterpart of a suit brought pursuant to § 1983, and is aimed at federal rather than state officials. Island Online, Inc. v. Network Solutions, Inc., 119 F. Supp.2d 289, 304 (E.D.N.Y. 2000). In order to state a Bivens claim, a plaintiff must show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) that a defendant or defendants acted under color of federal law in depriving him of that right. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); Sixth Camden Corp. v. Evesham Tp., 420 F.Supp. 709, 718 (D.N.J. 1976). Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.[2] See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ.

---

[2] Although the Third Circuit has not ruled on the availability of vicarious liability in Bivens actions, see Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992) (declining to reach the issue), the circuits that have addressed the issue are unanimous in holding that Bivens does not authorize suits predicated on a respondeat superior theory. See, e.g., Simpkins v. District of Columbia Government, 108 F.3d 366 (D.C.Cir. 1997); Estate of

6

v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. The Court will construe the Complaint as raising a claim of conspiracy to present false testimony and evidence in court by Defendants, resulting in Plaintiff's conviction. The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

---

Rosenberg by Rosenberg v. Crandell, 56 F.3d 35 (8th Cir. 1995); Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024 (7th Cir. 1994); Abate v. Southern Pacific Transp. Co., 993 F.2d 107 (5th Cir. 1993); Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Ellis v. Blum, 643 F.2d 68 (2d Cir. 1981). Cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

7

B. False Testimony and Evidence at Trial

Defendant's claim is barred by the United States Supreme Court decision in <u>Briscoe v. LaHue</u>, 460 U.S. 325, 330 (1983) (police officer who allegedly had given perjured testimony at the defendant's trial was absolutely immune from liability under § 1983); <u>See also</u> <u>Williams v. Hepting</u>, 844 F.2d 138 (3d Cir.), <u>cert. denied</u>, 488 U.S. 851 (1988); <u>Gatter v. Zappile</u>, 54 F. Supp.2d 454 (E.D.Pa. 1999), <u>aff'd</u>, 225 F.3d 648 (3d Cir. 2000) (defendant officers were immune from liability on claim of perjured testimony). The Court will, therefore, dismiss all claims against Defendants because they are absolutely immune from liability under 42 U.S.C. § 1983.

Moreover, to the extent that the Complaint may be construed to allege the existence of a conspiracy on the part of all Defendants to violate Plaintiff's right to due process of law, this claim is barred by the decision of the United states Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, the Supreme Court held that if a judgment in favor of a plaintiff in a § 1983 suit would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id</u>. at 487. <u>See also</u> <u>Rashid v. Monteverde & Hemphill</u>, 1997 WL 360922, *7 (E.D.Pa. June 24, 1997), <u>aff'd</u>, 149 F.3d 1165 (3d Cir. 1998)(§

1983 claim that public defender conspired with federal agents during course of Plaintiff's criminal trial to deprive him of constitutional rights barred by Heck); St. Germain v. Isenhower, 98 F. Supp.2d 1366, 1372 (S.D.Fla. 2000); Smith v. Coyne, 984 F.Supp. 1186, 1188 (N.D.Ill. 1998) (§ 1983 claim of an unconstitutional conspiracy among defendants to deprive Plaintiff of due process implied the invalidity of his conviction and was barred by Heck). Plaintiff has made no such showing of prior invalidation satisfying Heck.

### III. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and will dismiss the complaint against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and(iii) and 1915A(b)(1) and (2).

An appropriate Order accompanies this Opinion.

_____
JOHN W. BISSEL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED April 26, 2005

9