NOT FOR PUBLICATION

RECEIVED
JAN 30 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMALUD-DIN ALMAHDI : | |
| Plaintiff : | Civil No. 05-1613 (GEB) |
| v. : | |
| : | O P I N I O N |
| CHRISTIE RODRIGUEZ, : et al. | |
| Defendants : | |

JAMALUD-DIN ALMAHDI, #15322-086, Plaintiff Pro Se
FCI Allenwood
P.O. Box 2000
White Deer, Pennsylvania 17887

BROWN, CHIEF JUDGE

Jamalud-Din Almahdi, a prisoner confined at the Federal Correctional Institution at Allenwood, Pennsylvania, filed a civil Complaint seeking damages for violation of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Former Chief Judge Bissell sua sponte dismissed the Complaint for failure to state a claim upon which relief may be granted in an

Order and Opinion entered on April 28, 2005, and amended by Order entered May 10, 2005, and the Clerk closed the case. Presently before the Court is Plaintiff's motion to alter or amend the judgment. The undersigned will direct the Clerk to reopen the file, reassign the case from former Chief Judge Bissell, now retired, to the undersigned, and, for the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court will deny the motion and direct the Clerk to reclose the file.

## I. BACKGROUND

In the Complaint, Plaintiff alleged that on September 28, 1999, detectives seized 46 credit cards, 56 counterfeit credit cards, and other forged documents from a hotel in Fort Lee, New Jersey. He alleged that, on March 9, 2000, he was indicted for credit card fraud in violation of 18 U.S.C. § 1029(a)(2) and (3). See United States v. Almahdi, Crim. No. 00-136 (HAA) (D.N.J. filed March 9, 2000). On October 2, 2000, represented by counsel, Plaintiff retracted his plea of "not guilty" and filed a plea agreement. Id. In a judgment entered on April 24, 2001, Judge Ackerman sentenced Plaintiff to a 41-month term of imprisonment and three years of supervised release. Id. On April 27, 2005, this Court dismissed the Complaint, finding that the named Defendants were immune from damages and that

Plaintiff's claims that Defendants presented false evidence were barred by Heck v. Humphrey, 512 U.S. 477 (1994).

On May 9, 2005, Plaintiff filed the instant motion to alter or amend the judgment pursuant to Fed. R. Civ. P. Rule 59(e). He contends in the motion that this Court misapprehended controlling decisions that were put before the Court in the Complaint. He asserts:

> Plaintiff charg[ed] in his complaint that the defendants conspired to intentionally manufacture and misrepresent, as officers of the Court, false information directed to the judicial machinery itself to wit: A fabricated account of Plaintiff['s] role, post indictment and after guilty plea. The grave consequence of this act cause[d] him to suffer Fifth and Six[th] Amendment right violation, when the information was incorporated into charges placed on a Supplemental Warrant Application of the Parole Commission. Based solely on this information he has been deprive[d] of his liberty, without due process. The Court has not cited any authority that supports an argument that a prosecutor or executive officer of the Court who, in the instant case signed a pre-sentence report which they knew or should have known contained glaring discrepancy during the post indictment stage of this case is immune from liability at common-law . . . Plaintiff's complaint does not fall within the implicit habeas exception. Plaintiff seeks relief that will render the defendants who intentionally manufacture and misrepresented as officers of the court false information, and consequently violated Plaintiff's Fifth and Six Amendment rights, liable for damages. Neither does he seek an injunction ordering his immediate or speedier release into the community . . . [and] favorable judgment will not

> "necessarily imply the invalidity of the conviction or sentence . . ."

(Motion at pp. 2-3.)

This Court notes that, although Petitioner did not directly appeal his sentence, on May 6, 2002, he filed a motion under 28 U.S.C. § 2255 to vacate the sentence, arguing that he pled guilty under false pretenses because the sentence he received exceeded the sentence he allegedly agreed to when he entered into the plea agreement. See Almahdi v. United States, Civil No. 02-2278 (WHW) (D.N.J. filed May 13, 2002)  On July 30, 2003, United States District Judge William H. Walls denied the motion for failure to present the claim on direct appeal.  Judge Walls denied Plaintiff's request for a certificate of appealability on September 30, 2003.  Id.  On March 2, 2004, the United States Court of Appeals for the Third Circuit denied a certificate of appealability:

> Appellant's claims concerning the sentencing enhancements having rendered the plea involuntary were waived because not raised on direct appeal, United States v. Frady, 456 U.S. 152, 168 (1982), but in any event lack merit for the reasons given by the District Court.  Appellant's ineffective assistance of counsel claims, which may be considered without a showing of cause and prejudice, United States v. DeRewal, 10 F.3d 100 (3d Cir. 1993), also lack merit for the reasons given by the District Court.  The Court finds that the dismissal of appellant's section 2255 motion is *with prejudice* to the extent of any second or successive section 2255 motion appellant might wish to file in

4

      connection with this April 2001 conviction
      under 18 U.S.C. § 1029(a)(3).

Almahdi v. United States, C.A. No. 03-3483 order (3d Cir. Feb. 5, 2004).

    Plaintiff filed a motion for reconsideration of the order denying his § 2225 motion, which this Court denied on November 3, 2004, essentially because Plaintiff had not obtained authorization to bring a successive § 2255 motion. Almahdi v. United States, Civil No. 02-2278 (WHW) letter order (D.N.J. Nov. 3, 2004).

    In addition, on August 9, 2005, Plaintiff filed a Petition for Writ of Error Coram Nobis in this Court. See Almahdi v. United States, Civil No. 05-2587 (HAA) opinion (D.N.J. filed Aug. 9, 2005). In that Petition, Plaintiff alleged that his term of imprisonment for the challenged conviction ended on April 3, 2003, but because he committed the offense in the instant matter while on parole from a prior offense, the United States parole Commission revoked his parole on July 24, 2003, and continued his incarceration for parole violation until March 29, 2007. Id. Plaintiff alleged in the Petition that his conviction and sentence on the challenged conviction wrongly caused the Parole Commission to revoke parole. He claimed that the sentence violated the Sixth Amendment, that the record supported his claim of actual innocence and that improperly admitted physical evidence had an adverse effect on his case. On August 9, 2005,

Judge Ackerman denied the Petition, finding that it raised the same arguments that Plaintiff had previously presented in his § 2255 motion and repeated subsequent filings. On August 19, 2005, Judge Ackerman denied Plaintiff's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), holding that his claims of actual innocence and error in his record of conviction had been presented repeatedly to multiple courts in this District and to the Court of Appeals for the Third Circuit, and that all of these courts had refused to grant relief from his conviction in this Court for credit card fraud, which stemmed from his guilty plea. Id.

## II.  DISCUSSION

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). In order to succeed, Plaintiff must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent

manifest injustice.  Skretvedt v. E.I. Dupont de Nemours and Co., 2000 WL 33341051 at *4 (D. Del. October 31, 2000) (citing Max's Seafood Cafe by Lou-Ann, Inc., supra).  See also Yurecko v. Port Authority Trans-Hudson Corp., 279 F Supp.2d 606, 609 (D.N.J. 2003).

To have an order vacated or modified upon a motion for reconsideration, Plaintiff must come forward with something new or something overlooked by the court in rendering the earlier decision.  A motion for reconsideration will be denied for failure of the Plaintiff to "provide the court with any pertinent case law or fact which this court may have overlooked." Egloff v. New Jersey Air Nat. Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1989); Lite, New Jersey Federal Practice Rules, R.7.1(g), comment.  The purpose of the motion for reconsideration is not to "rehash arguments already briefed." Dentsply Int'l. Inc. v. Kerr Mfg. Co., 42 F. Supp.2d 385, 419 (D. Del. 1999).  Where a motion for reconsideration essentially raises only a party's disagreement with the court's initial decision, that "should be dealt with in the normal appellate process, not on a motion for reconsideration under Local Rule 12(I) [now 7.1(g) ]." Florham Park Chevron, Inc. v. Chevron USA, Inc., 680 F.Supp. 159, 163 (D.N.J. 1988).

The Court construes the Complaint to allege the existence of a conspiracy on the part of all Defendants to violate Plaintiff's right to due process of law, in that Defendants presented and

failed to correct false information in Plaintiff's pre-sentencing report. These claims are barred by the decision of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that if a judgment in favor of a plaintiff in a § 1983 suit would necessarily imply the invalidity of his conviction or sentence, the Complaint must be dismissed unless a plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. See Rashid v. Monteverde & Hemphill, 1997 WL 360922, *7 (E.D.Pa. June 24, 1997), aff'd, 149 F.3d 1165 (3d Cir. 1998)(§ 1983 claim that public defender conspired with federal agents during course of Plaintiff's criminal trial to deprive him of constitutional rights barred by Heck); St. Germain v. Isenhower, 98 F. Supp.2d 1366, 1372 (S.D.Fla. 2000); Smith v. Coyne, 984 F.Supp. 1186, 1188 (N.D.Ill. 1998) (§ 1983 claim of an unconstitutional conspiracy among defendants to deprive Plaintiff of due process implied the invalidity of his conviction and was barred by Heck). See also Gilles v. Davis, 427 F.3d 197, 209 n.8 (3d Cir. 2005)(Heck applies in the instance of a guilty plea). Plaintiff has made no such showing of invalidation of his conviction or sentence satisfying Heck. Consequently, Plaintiff has not shown that any pertinent facts or law exist that have been overlooked by this Court.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration of his § 1983 application will be denied.

An appropriate Order accompanies this Opinion.

                                                                  _____
                                                                  GARRETT E. BROWN, JR., CHIEF JUDGE
                                                                  UNITED STATES DISTRICT COURT

DATED: January 26, 2006